## W. C. CARSON v. THE STATE.

### No. 7318.   Decided April 4, 1923.

**1.—Rape—Continuance—Want of Diligence.**

Where the application for continuance showed a .want of diligence and not sufficient allegations to show what was expected to be proved, the same was correctly overruled.

**2.—Same—Common-law Marriage—Age of Prosecutrix.**

Where defendant was prosecuted for rape upon a female of the age of thirteen and based his theory of defense on the claim that the prosecutrix was his wife by virtue of a common-law marriage, and the undisputed evidence showed that she was under the age of fourteen at the time of the trial, a requested charge on that state of the case was correctly refused.— Following Hardy v. State, 37 Texas Crim. Rep., 55.

**3.—Same—Evidence—Bill of Exceptions.**

Where the enquiries of defendant's mother, complained of in the bill of exceptions, appeared to have been with reference to the fact that defendant did not escape while he was a prisoner during two jail deliveries, neither of which was answered by her, there was no error.

**4.—Same—Bills of Exception—Practice on Appeal.**

Where certain grounds of objection to certain evidence were urged, but were not certified to as being true, they cannot be considered on appeal.

Appeal from the District Court of Denton. Tried below before the Hon. C. R. Pearman.

Appeal from a conviction of rape; penalty, 7 years in the penitenitary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey;* Assistant Attorney General, for the State.

HAWKINS, Judge.—The indictment charges appellant with rape upon Margaret McCrory, a female under eighteen years of age. Conviction resulted, appellant's punishment being fixed at confinement in the penitentiary for seven years.

Prosecutrix lived with her parents in Denton County. She was thirteen years of age at the time of the alleged offense and was not yet fourteen at the time of the trial. Appellant was a young man nineteen years of age. He and prosecutrix were sweethearts and had talked about getting married. He told her he had marriage license which he had procured at Decatur, and she left home under the representation from him that they would go to a certain preacher and get married. Instead of going to the minister's they went to Denton where they occupied a room together during the night at which time he had intercourse with her. They told the lady at the rooming house they were married and represented themselves to be husband and wife. Appellant finally told prosecutrix he .had lost the marriage license which he claimed to have procured at Decatur and said something about trying to get some more at Denton. The next day after having spent the night at the rooming house they went to Carrollton and from there to Fort Worth, where the father of prosecutrix found them and took her home. It appears from the record that appellant had not secured license at Decatur and his statement to prosecutrix was untrue. He states in his testimony that he did intend to marry the prosecutrix if he could obtain license, and claims to have made inquiry about getting the license, but does not appear to have gone to the county clerk's office either in Denton, Decatur or Fort Worth, and made any effort to do so.

A bill of exception is reserved to the refusal of the court to grant a continuance. The application therefor is rather remarkable. It undertakes to present an excuse why no process had been issued for witnesses, and then avers that appellant has some witnesses in Wise County by whom he "expects to prove that he is not guilty." The name of no witness is given, nor is any fact stated to which any would testify. (Sec. Art. 608, C. C. P. for requisites of application for continuance.)

Appellant requested four special charges, all based upon the theory that prosecutrix was his wife by virtue of a common law marriage. Article 4609, Revised Civil Statutes, positively prohibits males under sixteen, or females under fourteen years of age from marriage. The undisputed evidence shows prosecutrix to have been

under fourteen even at the time of trial. The charges requested were not the law, so declared by the article referred to, and in Hardy v. State, 37 Tex. Cr. Rep., 55 construing same.

Appellant testified on direct examination that some trouble had arisen over checks he had given in Decatur, and that while in jail at that place two jail deliveries had occurred; that he went out on the first one but came back himself; that he also went out the second time and was arrested and returned by the officers. The inquiries of his mother complained of in bill number two appear to have been with reference to these same matters. She answered neither of the questions, and under the circumstances we do not regard as harmful the asking of them.

There appear to be several matters complained of in bill of exception number three, in fact it is three or four bills in one. No sufficient facts are stated with reference to any of the things complained of to enable us to intelligently pass upon them. Grounds of objections are urged, but the facts are not certified as being true, thereby furnishing no basis for the objections. (See Branch's Ann. P. C., Secs. 207 and 209).

Finding no errors which would justify a reversal the judgment must be affirmed.

*Affirmed.*